

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

September 10, 2024

**VIA ECF**
The Honorable Margo K. Brodie
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

> *Re:    SEC v. Consensys Software, Inc., Case No. 1:24-cv-4578 (MKB)(TAM) (E.D.N.Y.)*

Dear Chief Judge Brodie:

Plaintiff Securities and Exchange Commission ("Commission" or "SEC") respectfully responds to the pre-motion letter of Defendant Consensys Software, Inc. ("Consensys") (DE 14). The proposed motion asks the Court to yield to the Defendant's attempt to manufacture jurisdiction in, and shop for, a forum of its choosing—ahead of the SEC's Congressionally-authorized enforcement action. The SEC respectfully urges the Court to reject this gambit as contrary to binding precedent and public policy.

Consensys incorrectly asserts that the "first-filed" rule requires this Court to cede its jurisdiction to the Northern District of Texas—where Consensys filed a declaratory judgment action against the SEC and its individual Commissioners, *Consensys Software, Inc. v. Gensler, et al.*, 24-cv-369-O (N.D. Tex.) (the "Texas Action")—or, alternatively, stay this case pending resolution of any dispositive motions in the Texas Action. Contrary to Consensys's argument, the first-filed rule is inapplicable because the Texas Action—which Consensys filed after the SEC staff notified Consensys that the staff intended to recommend that the SEC file this enforcement action—"is an improper anticipatory declaratory judgment action." *Cephalon, Inc. v. Travelers Companies, Inc.*, 935 F. Supp. 2d 609, 613 (S.D.N.Y. 2013) (quoting *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.,* 522 F.3d 271, 274–75 (2d Cir. 2008)).

***Background***.  On April 4, 2022, the SEC notified Consensys of its investigation into conduct that is the subject of this action. Years later, in February of 2024, Consensys—until then operating principally in Brooklyn—moved its headquarters to Fort Worth, Texas, but continued to maintain an office in Brooklyn. On April 10, 2024, the SEC staff notified Consensys orally and in writing that the staff would recommend that the Commission bring this enforcement action regarding certain of Consensys' "MetaMask" software products and services. *See* Texas Action Complaint ("Texas Action Compl."), attached as Exhibit A hereto, ¶¶ 68, 117; DE 14, Consensys letter, p. 2. Known as a "Wells notice," the staff's notification outlined a potential SEC enforcement action against Consensys, including the specific, bedrock registration

principles of the federal securities laws that the suit could entail. Ex. A, Texas Action Compl. ¶ 68. The Wells notice also afforded Consensys the chance to submit a response concerning the proposed recommendation, as is typical in SEC enforcement investigations. *See* SEC, Division of Enforcement, *Enforcement Manual* § 2.4 (Nov. 28, 2017), https://www.sec.gov/divisions/enforce/enforcementmanual.pdf.

On April 25, 2024, Consensys filed the Texas Action. The Texas Action originally sought to enjoin two separate SEC investigations—the one that led to the filing of this action and a separate one. However, Consensys subsequently abandoned three of its four Texas Action counts—those related to the other investigation—because the staff had concluded that investigation without recommending charges. *See* Texas Action, Dkt. No. 44, p.2. Consensys's sole remaining Texas Action count—to which it devotes only 14 of the Texas Action Complaint's 121 paragraphs—concerns the investigation of MetaMask that resulted in the Wells notice and this action. Texas Action Compl. ¶¶ 66-68, 86-90, 115-120.

The initial scheduling Order in the Texas Action, dated July 1, 2024, required the parties to file all "dispositive motions" (including for summary judgment) by September 20, 2024. Texas Action, Dkt. No. 30. On July 24, 2024, the SEC filed a motion to dismiss the Texas Action as unripe, barred by sovereign immunity, and an improper anticipatory declaratory judgment action; or in the alternative, to transfer the Texas Action to this Court. *See* Texas Action, Dkt. No. 37. That motion is fully briefed and awaits resolution by the Texas court. The SEC simultaneously filed a separate motion asking the Texas court to expedite briefing on the SEC's motion to dismiss and otherwise stay the Texas Action until it decided the SEC's motion to dismiss. The Texas court granted in part the SEC's scheduling motion—accelerating briefing on the SEC's motion to dismiss, but still requiring the parties to file other dispositive motions by September 20, 2024. *See* Texas Action, Dkt. Nos. 30, 37, 38, 42.

***Consensys's Proposed Motion is Meritless***. Consensys's reliance on the first-filed rule as the sole basis for dismissal is unavailing. Under binding precedent, "special circumstances"—namely, Consensys filing its anticipatory declaratory judgment action just about two weeks after learning that the SEC staff intended to recommend an enforcement action—demonstrate that this Court should afford priority to the SEC's later-filed action. *See Cephalon*, 935 F. Supp. 2d at 613 (exception to first-filed rule exists where "special circumstances warrant giving priority to the second suit," and such circumstances "include when a first-filed lawsuit is an improper anticipatory declaratory judgment action") (quoting *Emp'rs Ins. of Wausau, Inc.*, 522 F.3d at 274–75). Following this principle, courts in this Circuit repeatedly have given priority to later-filed actions over anticipatory declaratory judgment actions filed after the anticipatory suit plaintiff received notice of the other party's intent to sue. *See, e.g., Factors Etc., Inc, et al. v. Pro Arts Inc.,* 579 F.2d 215, 219 (2d Cir. 1978) *abrogated on other grounds by Pirone v. MacMillan, Inc.,* 894 F.2d 579 (2d Cir. 1990) (declining to dismiss a later-filed action where the first-filed declaratory action was "in apparent anticipation" of litigation "triggered by a notice letter" informing the defendant of the plaintiff's intention to sue); *CGI Solutions, LLC v. Sailtime Licensing Group, LLC*, 2005 WL 3097533, at *3–4 (S.D.N.Y. Nov. 17, 2005) (dismissing declaratory action filed after the plaintiff had received a letter informing it that the defendant intended to "pursue all civil remedies available [and] ... [might] file a lawsuit"); *Cephalon*, 935 F. Supp. 2d at 615 (although pre-suit notice letter specified no date or forum for filing, "a date

and forum are not fixed prerequisites" and defendant's "clear statement of its intention to file suit and plaintiff's admission that it acted on that threat are sufficient to render the action improperly anticipatory) (cleaned up). In so ruling, the Second Circuit has reasoned that the "federal declaratory judgment is not a prize to the winner of a race to the courthouses." *Factors Etc., Inc.*, 579 F.2d at 219; *see also Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, 48 F.4th 603, 606 (5th Cir. 2022) (agreeing that "a race to the courthouse represent[s] a misuse of the Declaratory Judgment Act") (cleaned up).[1]

This principle compels rejecting Consensys' transparent attempt to select the district in which its dispute with the government will be adjudicated. About two weeks before Consensys filed its Texas Action for declaratory relief, it received clear and specific notice (both written and oral) that the SEC staff intended to seek Commission approval for an enforcement action against it; and that notice outlined the specific subject matter and likely claims against Consensys. Indeed, in its Complaint in the Texas Action, Consensys acknowledges that it was the SEC's prior notice of this enforcement action that spurred Consensys to file that case. *See, e.g.*, Ex. A, Texas Action Compl. ¶ 117 ("Consensys faces a genuine threat that the SEC will bring an enforcement action related to … MetaMask."); ¶ 68 (Consensys understood that the SEC staff would "*imminently* recommend that the Commission bring an enforcement action against Consensys") (emphasis added). Consensys filed the Texas Action to try to force the Commission to litigate its forthcoming enforcement action as the defendant rather than as the plaintiff, in the forum Consensys chose to relocate to after years of operating in Brooklyn.[2]

The SEC is a federal agency charged by Congress with bringing actions to enforce the federal securities laws. This Court should not permit Consensys to override this Congressionally-mandated authority by preemptively filing elsewhere its own improper declaratory judgment action. Countenancing such a tactic would only encourage other potential enforcement action defendants to rush to file declaratory judgment actions before the SEC has concluded its investigation of potential securities law violations and determined whether to file an enforcement action. Indeed, such a result would turn on its head the purpose of the Wells process—to provide a potential enforcement action defendant an opportunity to engage with the SEC to persuade it *not* to file an enforcement action—by *encouraging* defendants to file lawsuits upon receiving a Wells Notice.

Accordingly, because Consensys' motion to dismiss, stay, or transfer this action would be without merit and futile, the Court should deny the motion.

---

[1] Citing *Silver Line Bldg. Prod. LLC v. J-Channel Indus. Corp.*, 12 F. Supp. 3d 320, 328 (E.D.N.Y. 2014), Consensys argues that the first-filed rule requires the court hearing the first-filed action to decide the proper forum. But that decision addresses not the exception to the first-filed rule that applies to improper anticipatory declaratory judgment actions but, rather, a separate exception related to forum convenience.

[2] In its pre-motion letter to this Court, Consensys disingenuously asserts that it was uncertain when the Commission would file suit. To the contrary, Consensys told the Court in its Texas Action that it brought that action because it understood that the SEC staff intended to "imminently" recommend that the Commission bring an enforcement action, and that it feared the "genuine threat" of an SEC lawsuit. *See* Texas Action Compl., Ex. A., ¶¶ 68, 117. Indeed, after receiving the SEC's Wells Notice and responding to it, Consensys never *asked* the staff whether it still intended to recommend this enforcement action.

Respectfully submitted,

/s/ *Ben Kuruvilla*
Ben Kuruvilla
Trial Counsel
Division of Enforcement

cc: All counsel of record (**via ECF**)