Case 1:24-cv-04578-MKB-TAM   Document 17-1   Filed 09/20/24   Page 1 of 9 PageID #:
123
Case 4:24-cv-00369-O   Document 57   Filed 09/19/24   Page 1 of 9   PageID 566

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CONSENSYS SOFTWARE, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **Case No. 4:24-cv-00369-O** |
| **SECURITIES AND EXCHANGE** | § | |
| **COMMISSION, et al.,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are Defendants' Motion to Dismiss and Alternative Motion to Transfer Venue (ECF No. 37), filed July 24, 2024; Plaintiff's Response (ECF No. 44), filed August 16, 2024; and Defendants' Reply (ECF No. 50), filed August 23, 2024. After examining the relevant caselaw, Defendants' Motion is **GRANTED**.

## I.     BACKGROUND[1]

This suit centers on cryptocurrency and blockchain technology. A blockchain is a decentralized electronic ledger or database shared with a network of computers. Every blockchain has its own native token, which is also known as a "digital asset" or "cryptocurrency." These tokens give users access to an application or service on the blockchain. Consensys Software, Inc. ("Consensys" or "Plaintiff") is a blockchain software developer. Consensys develops many of its products for Ethereum, which is a major blockchain network. Central to Ethereum is its native token, "ETH." According to Consensys, Ethereum, along with ETH, are critical to its business.

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Complaint. *See* Pl.'s Compl., ECF No. 1. At this stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

1

Case 1:24-cv-04578-MKB-TAM   Document 17-1   Filed 09/20/24   Page 2 of 9 PageID #:
Case 4:24-cv-00369-O   Document 57   Filed 09/19/24   Page 2 of 9   PageID 567
124

One of Consensys's software products is called "MetaMask," which is a free wallet software that provides users a seamless way to read Ethereum and other blockchain data. Two primary features of this wallet software are MetaMask Swaps and MetaMask Staking. MetaMask Swaps allows users to communicate with third-party trading platforms to buy, sell, and exchange tokens. MetaMask Staking facilitates users' communications with two third-party applications, which allow users to "stake" their ETH to transact on the Ethereum blockchain.

On April 4, 2022, Consensys received a letter from the Securities and Exchange Commission Division of Enforcement staff notifying Consensys the staff was investigating its MetaMask software ("MetaMask investigation"). On September 21, 2022, Consensys received another letter from SEC staff informing Consensys it was investigating certain protocols on the Ethereum blockchain and ETH ("ETH investigation"). Consensys cooperated and complied with the SEC's requests related to these investigations. SEC staff sent Consensys a Wells Notice on April 10, 2024, which stated its intent to recommend the Securities and Exchange Commission ("SEC" or "Defendants") bring an enforcement action against Consensys for violating federal securities laws through its MetaMask Swaps and MetaMask Staking Software.

On April 25, 2024, Consensys brought this action against the SEC seeking declaratory and injunctive relief. Three of the four Counts relate to Consensys's ETH transactions and the fourth Count relates to its MetaMask software.

A flurry of procedural activity has since followed. SEC staff concluded the ETH investigation and informed Consensys that it did not "intend to recommend an enforcement action . . . with respect to this investigation."[2] Regarding the MetaMask investigation, however, the SEC commenced an enforcement action against Consensys in the Eastern District of New York

---

[2] Defs.' Mot. Dismiss Ex. A, ECF No. 37-1.

2

on June 28, 2024, alleging that Consensys violated federal securities laws through its MetaMask software.[3]

Now before the Court is the SEC's Motion to Dismiss Consensys's ETH and MetaMask claims.[4]

## II. LEGAL STANDARD

A party may challenge subject matter jurisdiction by filing a Federal Rule of Civil Procedure 12(b)(1) motion. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3). A court may find subject matter jurisdiction is lacking from "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A court should grant a Rule 12(b)(1) motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of [its] claim that would entitle plaintiff to relief." *Id.*

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). Under Article III of the Constitution, federal courts are confined "to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

---

[3] Defs.' Mot. Dismiss 6, ECF No. 37.
[4] *Id.* at 1.

3

Case 1:24-cv-04578-MKB-TAM   Document 17-1   Filed 09/20/24   Page 4 of 9 PageID #:
Case 4:24-cv-00369-O   Document 57   Filed 09/19/24   Page 4 of 9   PageID 569
126

### III. ANALYSIS

#### A. ETH Claims — Counts I, II, and III

Defendants first assert this Court lacks subject matter jurisdiction over Plaintiff's ETH claims because they are moot under Rule 12(b)(1).[5] Plaintiff concedes the ETH claims are now moot because of the ETH investigation termination and the SEC staff's refusal to recommend an enforcement action.[6] Accordingly, Defendants' Motion to Dismiss Counts I, II, and III is **GRANTED** and the Counts are **DISMISSED AS MOOT**. The Court need not consider Defendants' additional arguments related to the now-moot ETH claims.[7]

#### B. MetaMask Claim — Count IV

Defendants assert several challenges to Plaintiff's MetaMask claim. They first argue this claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, namely, that the claim is unripe.[8] The Court agrees with Defendants' ripeness argument and grants their motion. Accordingly, the Court does not consider Defendants' remaining Rule 12(b)(1), discretionary dismissal, or alternative venue transfer arguments.

##### 1. APA Claim

Before turning to Defendants' ripeness argument, the Court briefly clarifies that Plaintiff is not pursuing an Administrative Procedure Act ("APA") claim related to Count IV. Indeed, Plaintiff concedes it brought its MetaMask Claim under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.[9] Accordingly, the Court **DISMISSES** any APA claim under Count IV.

---

[5] *Id.* at 12–14.
[6] Pl.'s Resp. 10, ECF No. 44.
[7] Defendants also argue that the ETH claims are barred by sovereign immunity and are unripe under Rule 12(b)(1), and that Plaintiff fails to state a claim upon which relief can be granted under Rule 12(b)(6). Defs.' Mot. Dismiss 7–15, ECF No. 37.
[8] *Id.* at 16–20.
[9] Pl.'s Resp. 13, ECF No. 44.

Case 1:24-cv-04578-MKB-TAM   Document 17-1   Filed 09/20/24   Page 5 of 9 PageID #:
Case 4:24-cv-00369-O   Document 57   Filed 09/19/24   Page 5 of 9   PageID 570
127

### 2.  DJA Claim — Ripeness

The Court now considers Defendants' ripeness challenge to Plaintiff's MetaMask claim under the DJA.  The ripeness doctrine "separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000).  The "basic rationale" underlying the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148 (1967).

"A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists."  *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).  "Ripeness is a twofold inquiry that requires courts to 'evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'"  *Walmart Inc. v. DOJ*, 21 F.4th 300, 311 (5th Cir. 2021) (quoting *Abbott Lab'ys*, 387 U.S. at 149).

As to the first ripeness prong, Plaintiff has failed to show the MetaMask claim is fit for judicial review.  Though this inquiry "is fact-bound and somewhat abstract, in the context of pre-enforcement agency action there are several established factors, including 'whether the issue presented is a purely legal one, whether consideration of that issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final.'"  *Id.* (quoting *Ciba-Geigy Corp. v. EPA*, 801 F.2d 430, 435 (D.C. Cir. 1986)).  Failure to show even one of these three factors "can render a case unfit for judicial review."  *Id.*

Defendants argue the MetaMask claim is not fit for judicial review because it requires a more-developed factual record and Plaintiff has not identified final agency action.[10]  The Court

---

[10] Defs.' Mot. Dismiss 18, ECF No. 37.

Case 1:24-cv-04578-MKB-TAM   Document 17-1   Filed 09/20/24   Page 6 of 9 PageID #:
128
Case 4:24-cv-00369-O   Document 57   Filed 09/19/24   Page 6 of 9   PageID 571

disagrees with Defendants' first contention. The MetaMask claim "presents a pure question of law that needs no further factual development." *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 930 (5th Cir. 2023). Indeed, the record sufficiently details the facts needed for this Court to determine whether declaratory relief is appropriate.[11] The record also shows this is not a situation where the claim is "contingent [on] future events that may not occur as anticipated." *Id.* (alteration in original) (citation omitted).

The Court, however, agrees with Defendants' second contention that Plaintiff failed to identify final agency action that would render the claim fit for judicial review. Courts take a "flexible" and "pragmatic" approach to this inquiry. *Abbott Lab'ys*, 387 U.S. at 149–50. In *Walmart*, the court evaluated "whether the agency's action [was] *sufficiently* final" but later stated that the plaintiff "identified no *final* agency action." *Walmart Inc.*, 21 F.4th at 311 (second emphasis in original) (quoting *Ciba-Geigy Corp.*, 801 F.2d at 435). Despite this difference in semantics, courts construe the finality requirement "within the meaning of § 10 of the Administrative Procedure Act, 5 U.S.C. § 704." *Abbott Lab'ys*, 387 U.S. at 149. This analysis applies "regardless of whether suit is brought under the APA." *Walmart Inc.*, 21 F.4th at 311 n.10.

To constitute a final agency action under Section 704 of the APA, two requirements must be met: "(A) the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature;" and "(B) the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 853 (5th Cir. 2022) (citations and internal quotation marks omitted).

---

[11] Pl.'s Resp. 16, ECF No. 44.

6

Case 1:24-cv-04578-MKB-TAM Document 17-1 Filed 09/20/24 Page 7 of 9 PageID #:
Case 4:24-cv-00369-O Document 57 Filed 09/19/24 Page 7 of 9 PageID 572
129

Plaintiff identifies three alleged agency actions: an SEC enforcement action against another cryptocurrency trading platform,[12] the Wells Notice, and Defendants' enforcement action against Plaintiff.[13] None of these alleged agency actions are final. The Wells Notice was merely the SEC staff's "preliminary determination to recommend" the SEC pursue an enforcement action against Plaintiff.[14] Indeed, Plaintiff in its Complaint confirms that the Notice's purpose was to provide an "imminent[] recommend[ation]" to the SEC—a recommendation that the SEC could decide against.[15] The Notice neither marks the consummation of the agency's—*i.e.*, SEC's—decisionmaking process nor establishes Plaintiff's legal rights or obligations. The Notice also does not impose legal consequences on Plaintiff and thus does not "fix[] a legal relationship." *Dow Chem. v. EPA*, 832 F.2d 319, 325 (5th Cir. 1987).

Similarly, the enforcement actions do not constitute final agency actions. The Fifth Circuit has explained that "[a] lawsuit inevitably imposes obligations and fixes a legal relationship." *Id.* (citation and internal quotation marks omitted). The court recognized that whether an enforcement action "was 'final action' presents a close[] question." *Id.* Nevertheless, the court determined that "the allegations made in an enforcement suit do not impose the *kind* of legal obligations with which finality doctrine is concerned." *Id.* (emphasis in original). These enforcement actions therefore do not render the MetaMask claim fit for judicial decision.

As to the second ripeness prong, Plaintiff has failed to show it will suffer hardship from withholding judicial review of its claim. Defendants chiefly rely on *Walmart Inc. v. DOJ* to argue that Plaintiff will not suffer hardship should this Court withhold judicial consideration.[16] 21 F.4th

---

[12] In this enforcement action, the SEC challenged crypto wallet software similar to Plaintiff's MetaMask software. *Id.* at 12 (citing *SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *35 (S.D.N.Y. Mar. 27, 2024)).
[13] *Id.* at 16.
[14] Defs.' Mot. Dismiss 4, ECF No. 37.
[15] Pl.'s Compl. ¶ 68, ECF No. 1.
[16] Defs.' Mot. Dismiss 17–19, ECF No. 37.

7

Case 1:24-cv-04578-MKB-TAM Document 17-1 Filed 09/20/24 Page 8 of 9 PageID #:
Case 4:24-cv-00369-O Document 57 Filed 09/19/24 Page 8 of 9 PageID 573
130

300. There, Walmart sued the Department of Justice ("DOJ") under the DJA requesting "several declarations about the precise limits" of its obligations under the Controlled Substances Act. *Id.* at 306. Like the SEC, the DOJ brought an enforcement action against Walmart in Delaware after Walmart filed its declaratory action. *Id.* The DOJ then moved to dismiss for lack of jurisdiction arguing, among other things, that Walmart's claim was unripe. *Id.* at 307.

After determining that Walmart's action was not fit for judicial decision, the Fifth Circuit considered whether Walmart would suffer hardship from withholding judicial consideration of the suit. *Id.* at 311–13. The court explained that "the existence of the Delaware litigation eliminate[d], or at least greatly reduce[d], the hardship that [would] be placed on Walmart." *Id.* at 312. It further reasoned that "Walmart ha[d] the ability to test the [DOJ's] regulatory position in court by raising its theories as defenses in the Delaware action." *Id.* at 313. Finally, the court stressed that "[t]he bringing of the Delaware suit prove[d] that, when this case was filed, enforcement was indeed impending. When considered from the standpoint of the present, however, the suit's existence also suggests that *future* enforcement is unlikely." *Id.* (emphasis in original). Thus, because the Delaware action "eliminate[d], or at least greatly reduce[d]" Walmart's hardship, the court held Walmart's suit "present[ed] no ripe case or controversy." *Id.* at 312, 313.

Likewise, this Court concludes that Defendants' New York enforcement action "eliminates, or at least greatly reduces" Plaintiff's hardship because there is "no clear or credible threat of future prosecution." *Id.* at 312–13. The enforcement action also provides Plaintiff "with an avenue to test its theories," further mitigating Plaintiff's hardship. *Id.* at 313. In sum, there is little to no hardship imposed on Plaintiff from this Court's withholding of judicial review.

Because Plaintiff has not identified final agency action that would render the claim fit for judicial review and because withholding consideration subjects Plaintiff to scant, if any, hardship,

8

the claim lacks a ripe case or controversy. Defendants' Motion to Dismiss Plaintiff's MetaMask claim on ripeness grounds is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's ETH claims is **GRANTED**, and Counts I, II, and III are **DISMISSED AS MOOT**. Plaintiff concedes it is not pursuing an APA claim under Count IV. Finally, Defendants' Motion to Dismiss Plaintiff's MetaMask for lack of subject matter jurisdiction is hereby **GRANTED**. Accordingly, this action is dismissed without prejudice.

**SO ORDERED** on this **19th day** of **September, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**